IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ELMORE S. WELCH, JR., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 16-00618-CG-N |
| ) | |
| ATMORE COMMUNITY HOSPITAL, ) | |
|     Defendant. ) | |

## REPORT AND RECOMMENDATIONS

Plaintiff Elmore S. Welch, Jr., proceeding *pro se* and *in forma pauperis*, initiated this action on December 13, 2016, by filing a complaint with the Court. (Doc. 1). After *sua sponte* review, the undersigned Magistrate Judge determined that the complaint failed to allege a basis for the Court's subject matter jurisdiction and ordered Welch to file "an amendment to his complaint that contains 'a short and plain statement of the grounds for the court's jurisdiction,' Fed. R. Civ. P. 8(a)(1), and sufficient factual allegations supporting those grounds." (Doc. 5). Welch has timely filed an amendment to his pleading. (*See* Doc. 6). However, the amendment also fails to establish that this Court has subject matter jurisdiction over Welch's claims. Accordingly, the undersigned finds that this action is due to be **DISMISSED without prejudice** under Federal Rule of Civil Procedure 12(h)(3).

As the undersigned previously explained to Welch (*see* Doc. 5), "[i]t is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365,

1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.*

> When a plaintiff files suit in federal court, [the plaintiff] must allege facts that, if true, show federal subject matter jurisdiction over [the] case exists. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994) … Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency. *Stanley v. C.I.A.*, 639 F.2d 1146, 1159 (5th Cir. Unit B Mar. 1981); *see also DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only the jurisdictional grounds." (internal quotation marks omitted)). **That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case.** *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331, n.6 (11th Cir. 2001) (" '[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.' " (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993))); *see also Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

*Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (emphasis added) (footnote omitted). [1] "In a given case, a federal district court must have at least one

---

[1] Pleadings filed by *pro se* litigants are given liberal construction, but "we nevertheless have required them to conform to procedural rules." *Moton v. Cowart,* 631 F.3d 1337, 1341 n.2 (11th Cir. 2011) (quotation omitted). Plaintiffs must "affirmatively allege facts demonstrating the existence of jurisdiction." *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994); *see also Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1273 (11th Cir.

of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

As was noted in the undersigned's previous order, Welch's initial complaint (Doc. 1) appears to assert only a state law claim for wrongful death based on the Defendant's purported medical malpractice in treating Welch's father, and it does not contain, as it must, "a short and plain statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1), nor is any reasonably apparent from its face. In his amendment to his complaint filed in response to the undersigned's previous order, Welch does not dispute this characterization of his claim but asserts that it is brought under the federal Controlled Substances Act, 21 U.S.C. §§ 801, *et seq.* (Doc. 6 at 1).

The Controlled Substances Act does not contain a "specific statutory grant" of jurisdiction for private litigants such as Welch to bring civil claims. Accordingly, subject matter jurisdiction must be based on 28 U.S.C. § 1331, which grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[2]  "The test ordinarily applied for determining

---

2000) ("It is the plaintiff's burden ... to allege with sufficient particularity the facts creating jurisdiction ...." (quotation omitted)).

*Cornelius v. U.S. Bank Nat. Ass'n*, 452 F. App'x 863, 865 (11th Cir. 2011) (per curiam) (unpublished) (affirming dismissal of *pro se* complaint for failure to allege a sufficient basis for subject matter jurisdiction).

[2] As Welch was informed in the undersigned's previous order, under 28 U.S.C. § 1332(a), a district court has subject matter jurisdiction where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between plaintiffs and defendants.

whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint. As a general rule, a case arises under federal law only if it is federal law that creates the cause of action." *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1251 (11th Cir. 2011) (citation and quotation omitted). However, the Controlled Substances Act does not provide a private right of action. *Durr v. Strickland*, No. 2:10-CV-288, 2010 WL 1610592, at *2 (S.D. Ohio Apr. 15, 2010) ("Federal Controlled Substances Act … do[es] not provide for private enforcement actions.") (Frost, J.), *aff'd*, 602 F.3d 788, 789 (6th Cir. 2010) (per curiam) ("On April 15, 2010, Judge Frost ruled held that declaratory relief was unavailable to Durr because no private right of action exists under [the Controlled Substances Act]. Further, even assuming that Durr could pursue such a cause of action, he failed to allege any facts to support his claim that Defendants' failure to adhere to federal law subjects him to a risk of inhumane execution or to suggest that the declaratory judgment that he seeks would deter the State from proceeding with his execution. []Having reviewed the parties' submissions, the record, and the applicable law, we agree with Judge Frost that this action for declaratory relief is not the proper mechanism for seeking injunctive relief from execution. We therefore AFFIRM the order of Judge Frost, for the reasons stated in his April 15, 2010 opinion and order."); *Zink v. Lombardi*, 783 F.3d 1089, 1113 (8th Cir.) (per curiam) ("The prisoners complain that the use of compounded pentobarbital as a lethal drug

---

However, a complaint's "allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Travaglio*, 735 F.3d at 1268. While Welch alleges in his amendment that "this controveray [sic] does exceeds [sic] over $75,00.00 [sic]" (Doc. 6 at 1), neither his initial complaint nor the amendment contain factual allegations establishing the citizenship of any party. Accordingly, jurisdiction cannot be based on 28 U.S.C. § 1332(a).

in executions violates … the Controlled Substances Act. 21 U.S.C. §§ 801, *et seq*. They acknowledge, however, that there is no private right of action under federal law to enforce these alleged violations … *Durr v. Strickland*, No. 2:10–cv–288, 2010 WL 1610592, at *2–3 (S.D. Ohio), *aff'd*, 602 F.3d 788, 789 (6th Cir.2010) (affirming district court's holding that no private right of action exists under the Controlled Substances Act)."), *cert. denied*, 135 S. Ct. 2941 (2015); *Hatfield v. Arbor Springs Health & Rehab Ctr.*, No. 3:12CV528-MHT, 2012 WL 4476612, at *2-3 (M.D. Ala. Sept. 4, 2012) (Walker, M.J.), *report and recommendation adopted*, 2012 WL 4471795 (M.D. Ala. Sept. 26, 2012) (Thompson, J.) ("The Controlled Substances Act provides for enforcement through criminal, civil and administrative proceedings by the U.S. Attorney General. (See Tit. 21, Ch. 13, Subch. I, Pts. D and E).  The text of the statutory provisions cited by plaintiff and the structure of the Act do not suggest Congressional intent to imply a private cause of action.").

Construing Welch's allegations liberally, he appears to be asserting that his wrongful death claim is based, in part, on violations of the Controlled Substances Act, as he alleges that the Defendant's alleged malpractice included giving his father "a large dose" of the medication Ativan "that caused him to be put on a ventilation later lapse into a coma for a period of nine days" and "contributed to his death." (Doc. 1 at 1).  When only state-law claims are asserted in a complaint, a claim "aris[es] under" federal law only if it "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013).  "The mere presence

of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction. In other words, the state-law claim must really and substantially involve a dispute or controversy respecting the validity, construction or effect of federal law." *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004) (citation and quotations omitted). "The fact that a court must apply federal law to a plaintiff's claims or construe federal law to determine whether the plaintiff is entitled to relief will not confer federal subject matter jurisdiction—the implicated federal issue must be *substantial*. For example, it is now well established that federal jurisdiction is not created by the mere fact that proof of violation of a federal statute is an element of a plaintiff's state-law cause of action." *Id.* at 1291-92 (citation omitted). Here, any purported violation of the Controlled Substances Act is, at most, an element of Welch's state-law wrongful death claim against the Defendant, which is insufficient to confer federal question jurisdiction. *See Brown v. Endo Pharm., Inc.*, 38 F. Supp. 3d 1312, 1319-20 (S.D. Ala. 2014) (Steele, C.J.) (remanding case for lack of subject matter jurisdiction after rejecting, *inter alia*, argument that substantial federal issue was presented because plaintiff's state law negligence and wantonness claims depended upon construction and application of the Controlled Substances Act and its enabling regulations).

Welch has not alleged facts that, if true, show federal subject matter jurisdiction over this case exists, despite being given an opportunity to cure this deficiency, and the undersigned is convinced any further attempt to do so would be futile. Thus, this Court is without jurisdiction and must dismiss this action. *See Travaglio*, 735 F.3d at 1268; Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Accordingly, under 28 U.S.C. § 636(b)(1)(B)-(C) and Federal Rule of Civil Procedure 72(b)(1), the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** under Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction, and that final judgment be entered accordingly under Federal Rule of Civil Procedure 58.[3]

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."   11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

---

[3] The Court's local rules empower the undersigned Magistrate Judge to "[s]upervis[e] and determin[e] all pretrial proceedings" and to "make reports and recommendations" to the District Judge on dispositive matters.  S.D. Ala. GenLR 72(a)(2)(S).

specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 17th day of February 2017.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**